UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
AXALTA COATING SYSTEMS, LLC,

              Plaintiff,

  -against-

ATLANTIC AUTO BODY OF
FREEPORT LLC,

             Defendant.
---------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-3521 (DRH)(AYS)

    Plaintiff commenced this action on June 15, 2018, asserting claims for "breach of contract." (Compl. [ECF No. 1] ¶¶ 28–34.) Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. (*Id.* ¶ 12.) Plaintiff is a Delaware limited liability company, with a single member: Axalta Coating Systems U.S. Holdings, Inc. ("Axalta Holdings"). (*Id.* ¶ 9) Axalta Holdings is incorporated in Delaware with its principle place of business in Pennsylvania. (*Id.*) Thus, for purposes of a diversity jurisdiction, Plaintiff is a citizen of Delaware and Pennsylvania.

    The extent of the allegations in the Complaint regarding Defendant Atlantic Auto Body of Freeport LLC's ("Atlantic") citizenship are that "[u]pon information and belief, no member of Atlantic's limited liability company is a citizen of Pennsylvania or Delaware." (*Id.* ¶ 11.) The Amended Complaint does not state the basis for Plaintiff's or belief.

    Defendant Atlantic failed to answer or otherwise appear. Accordingly, on August 2, 2018, Plaintiff filed a request for default, which the Clerk of Court entered on August 7, 2018. On February 14, 2019, Plaintiff filed a Motion for Default Judgment.

In accordance with its obligation to ensure that subject matter jurisdiction exists, on February 15, 2019, this Court ordered Plaintiff to show cause in writing why the action should not be dismissed for lack of subject matter jurisdiction. On March 1, 2019, Plaintiff filed a letter ("Letter") in response to the Court's Order. (Letter to Court from Joshua S. Paster [ECF No. 9].) In the Letter, Plaintiff states that "[t]he only member of Atlantic known to [Plaintiff] is Christopher Gebbia" who "[u]pon information and belief . . . is a resident of Malverne, New York." (*Id.* at 1.) Again, Plaintiff states that "upon information and belief, [ ] no member of Atlantic's limited liability company is a member of Delaware or Pennsylvania." (*Id.*) The Letter then cites to Third Circuit precedent that has no binding effect on this Court, and insists that "the allegations in its Complaint and the information provided [in the Letter] are more than sufficient to avoid dismissal." (*Id.* at 2.). The Court does not agree, and for the reasons explained below, the matter is dismissed for lack of subject matter jurisdiction.

I. **Principles Regarding Diversity Jurisdiction**

Diversity jurisdiction exists when all plaintiffs are citizens of states diverse from those of all defendants. *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117- 18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). The party asserting diversity jurisdiction has the burden to prove the same. *Pennsylvania Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]" *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). "A conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists."

*Richmond v. International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd*, 841 F.2d 1116 (2d Cir. 1988).

For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, 2015 WL 1954491, at *2 (E.D.N.Y. 2015); *Young-Gibson v. Patel*, 476 Fed. App'x 482, 483 (2d Cir. June 12, 2012). "For purposes of diversity jurisdiction, [an individual's] citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

The citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), (citing *Handelsman,* 213 F.3d at 51–52)); *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp.2d 385, 389 n.1 (S.D.N.Y. 2006), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010).

II.    **The Complaint and the Letter**

When viewed against the foregoing principles, diversity jurisdiction has not been properly pled in this case as there are numerous fatal shortcomings in the Complaint that are neither adequately addressed nor remedied by the Letter responding to the Court's Order to Show Cause. In both the Complaint and the Letter, Plaintiff makes a blanket statement that none of Defendant's members are citizens of Delaware or Pennsylvania. However, Plaintiff provides

no basis for that conclusion.  The Second Circuit has established that an allegation that a party is a citizen of a different state, without specifying which different state, "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory."  *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see also Avant Capital Partners, LLC v. W108 Development LLC*, 2016 WL 3660756, at *2 (S.D.N.Y. June 30, 2016) ("Stating merely that the party is not a citizen of his adversaries' states of citizenship leaves open the prospect that he is not a citizen of any state: he could be a U.S. citizen domiciled abroad.  If so, he could neither sue nor be sued under Section 1332(a)(1)'s requirements for diversity between 'citizens of different states'") (internal quotations and citations omitted).  Moreover, Plaintiff does not even properly allege the citizenship of the one member of Defendant Atlantic Plaintiff is aware of, focusing instead on Mr. Gebbia's residency.  Accordingly, the Court does not know whether Mr. Gebbia is a citizen of Delaware or Pennsylvania, let alone whether there are other members of Defendant Atlantic and what their citizenship is, if any.  These allegations, or lack thereof, are insufficient for purposes of diversity jurisdiction.  The Court will not entertain a Motion for Default Judgment when it is unknown whether subject matter jurisdiction exists.

Plaintiff asks the Court, in the alternative, for jurisdictional discovery absent any specificity as to the avenues contemplated should permission be granted.  Plaintiff has already had two proverbial "bites of the apple" to properly allege subject matter jurisdiction assuming, *arguendo*, such jurisdiction is present.  In each instance, *i.e.* in framing the Complaint and in responding to the Order to Show Cause, it has missed the mark.  Based on the information presented, there is no reason to conclude that a further effort will produce a different result.  Accordingly, the alternate request for jurisdictional discovery is denied.

### III. Conclusion

As neither the Complaint, the Letter, nor any other filing in this case demonstrates subject matter jurisdiction, the Court dismisses the action. The Clerk of Court is directed to enter judgment and close the case.

Dated: Central Islip, New York
       April 4, 2019

                                                /s/
                                      Denis R. Hurley
                                      United States District Judge